# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KEVIN SCHEUNEMANN and
KAREN SCHEUNEMANN,

     Plaintiffs,

    v.                                                      Case No. 09-CV-1174

J.C. CHRISTENSEN AND ASSOCIATES, INC.,

     Defendant.

_____

# ORDER

*Pro se* plaintiffs, Kevin and Karen Scheunemann ("the Scheunemanns"), originally filed this action in Washington County Circuit Court. The defendant, J.C. Christensen and Associates, Inc. ("JCC") removed on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. In their complaint, plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Wisconsin Consumer Act ("WCA") and the Wisconsin Deceptive Trade Practices Act ("DTPA"), arising from JCC's efforts to settle and collect a debt owed by Karen Scheunemann.

This matter is before the court on JCC's motion for summary judgment.[1] This matter is also before the court on the plaintiffs' motion for partial summary judgment. For the reasons stated below, the court will grant in part and deny in part plaintiffs'

---

[1] The defendant's motion for summary judgment appears to be a motion for partial summary judgment though it is not labeled as such. Neither party addresses Count Three of the plaintiffs' complaint alleging negligent training and supervision. (Compl. ¶¶ 24-28).

motion for partial summary judgment. The court will grant in part and deny in part defendants' motion for summary judgment.

## BACKGROUND

On November 18, 2008, JCC sent Ms. Scheunemann a Notice of Legal Review and Settlement Option ("Notice" or "demand letter") on behalf of Resurgent Capital Services ("Resurgent"), who, according to defendant, purchased the debt from Washington Mutual, the original creditor. (Def.'s Proposed Findings of Fact [PFF] ¶ 4). The Notice offered Ms. Scheunemann two settlement options: (1) settle the account for a lump sum; or (2) extend the time on the account and settle in three monthly payments. (Def.'s PFF ¶ 5). The Notice also included language informing Ms. Scheunemann of her right to dispute the validity of the debt. (*Id.*).

On November 23, 2008, plaintiffs sent JCC a letter disputing the validity of the debt. (Def.'s PFF ¶ 6; Compl. ¶ 8, Ex. B). According to defendant, upon receipt of plaintiffs' request for validation, JCC ceased its collection activities, notified Resurgent of the request for validation, and cancelled the account. (Def.'s PFF ¶ 7; Stellmach Aff. ¶ 3-4). On December 1, 2008, defendant contends that Resurgent provided Ms. Scheunemann with the requested validation. (Def.'s PFF ¶ 8). According to plaintiffs, on December 1, 2008, they received a letter from an entity named LVNV Funding LLC with a purported validation of the debt. (Pls.' PFF ¶ 6-8). On November 4, 2009, JCC received a Notice of Intent to File Suit from the plaintiffs.

(Def.'s PFF ¶ 9). In response, JCC denied all responsibility. (*Id.* at ¶ 10). On November 25, 2009, plaintiffs filed this action in state court. (*Id.* at ¶ 11).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show

that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"The initial burden is on the moving party . . . to demonstrate that there is no material question of fact with respect to an essential element of the nonmoving party's case." *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1137 (7th Cir. 2009) (quoting *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005)). Once the movant satisfies this initial burden, the burden then shifts to the nonmoving party who "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). There is no issue for trial unless the nonmoving party demonstrates that there is *sufficient evidence* in the nonmoving party's favor for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the evidence is "merely colorable" or is "not significantly probative," summary judgment may be granted. *Id.* Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact. In ruling on a summary judgment motion, the court must view the evidence plus all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007).

## DISCUSSION

**I.     The Fair Debt Collection Practices Act**

The plaintiffs allege that JCC violated the FDCPA by engaging in false and misleading representations. Specifically, plaintiffs contend that in its initial communication with plaintiffs JCC misrepresented the original and current creditor and overshadowed the statutorily required validation notice with the threat of legal action. On the other hand, the defendant argues that its Notice to plaintiffs complied with the FDCPA because it neither misrepresented the original or current creditors nor did it contain a legal threat that overshadowed the validation notice.

**A.     Name of Current Creditor**

Section 1692e of the FDCPA states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.[2] The court views a claim under § 1692e through the eyes of an unsophisticated consumer. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The FDCPA creates an "implied duty to avoid confusing the unsophisticated consumer," *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir.1997), and a debt collector violates § 1692e if the required information is not communicated to the debtor or if it is provided in a manner that is "confusing" to the

---

[2]The plaintiffs contend that JCC violated § 1692e, not § 1692g. Section 1692g states that a debt collector must send the consumer written notice of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Accordingly, the court will only analyze this alleged violation under § 1692e.

consumer. *McMillan*, 455 F.3d at 758. "The inquiry under §§ 1692e . . . requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *Id.* at 759.

Here, the Scheunemanns allege that JCC violated 15 U.S.C. § 1692e by stating in its demand letter that the creditor was Resurgent when the Scheunemanns received a purported verification of the debt, identifying an entity named LVNV Funding LLC as the creditor rather than Resurgent. Plaintiffs also allege that JCC misrepresented the creditor because the Scheunemanns never received a notice of assignment indicating that the original creditor had assigned the right to payment for the debt to Resurgent. JCC, on the other hand, argues that identifying the creditor as Resurgent was not a misrepresentation because JCC was not obligated to provide a notice of assignment to plaintiffs.

While it may be that JCC was not obligated to provide a notice of assignment to plaintiffs, JCC ignores the fact that the creditor identified in the Notice is not the same creditor identified in the verification of debt letter. It is undisputed that JCC identified Resurgent as the creditor in its Notice to plaintiffs. It is also undisputed that the verification of debt received by plaintiffs reflects that an entity named LVNV Funding LLC claimed ownership of the debt. (Compl., Ex. C). JCC does not address this discrepancy. Indeed, JCC has failed to produce any evidence showing that Resurgent was the creditor at the time it sent the Notice to plaintiffs. For their part, the plaintiffs have produced the verification of debt, which states that LVNV Funding

consumer. *McMillan*, 455 F.3d at 758. "The inquiry under §§ 1692e . . . requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *Id.* at 759.

Here, the Scheunemanns allege that JCC violated 15 U.S.C. § 1692e by stating in its demand letter that the creditor was Resurgent when the Scheunemanns received a purported verification of the debt, identifying an entity named LVNV Funding LLC as the creditor rather than Resurgent. Plaintiffs also allege that JCC misrepresented the creditor because the Scheunemanns never received a notice of assignment indicating that the original creditor had assigned the right to payment for the debt to Resurgent. JCC, on the other hand, argues that identifying the creditor as Resurgent was not a misrepresentation because JCC was not obligated to provide a notice of assignment to plaintiffs.

While it may be that JCC was not obligated to provide a notice of assignment to plaintiffs, JCC ignores the fact that the creditor identified in the Notice is not the same creditor identified in the verification of debt letter. It is undisputed that JCC identified Resurgent as the creditor in its Notice to plaintiffs. It is also undisputed that the verification of debt received by plaintiffs reflects that an entity named LVNV Funding LLC claimed ownership of the debt. (Compl., Ex. C). JCC does not address this discrepancy. Indeed, JCC has failed to produce any evidence showing that Resurgent was the creditor at the time it sent the Notice to plaintiffs. For their part, the plaintiffs have produced the verification of debt, which states that LVNV Funding

consumer. *McMillan*, 455 F.3d at 758. "The inquiry under §§ 1692e . . . requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *Id.* at 759.

Here, the Scheunemanns allege that JCC violated 15 U.S.C. § 1692e by stating in its demand letter that the creditor was Resurgent when the Scheunemanns received a purported verification of the debt, identifying an entity named LVNV Funding LLC as the creditor rather than Resurgent. Plaintiffs also allege that JCC misrepresented the creditor because the Scheunemanns never received a notice of assignment indicating that the original creditor had assigned the right to payment for the debt to Resurgent. JCC, on the other hand, argues that identifying the creditor as Resurgent was not a misrepresentation because JCC was not obligated to provide a notice of assignment to plaintiffs.

While it may be that JCC was not obligated to provide a notice of assignment to plaintiffs, JCC ignores the fact that the creditor identified in the Notice is not the same creditor identified in the verification of debt letter. It is undisputed that JCC identified Resurgent as the creditor in its Notice to plaintiffs. It is also undisputed that the verification of debt received by plaintiffs reflects that an entity named LVNV Funding LLC claimed ownership of the debt. (Compl., Ex. C). JCC does not address this discrepancy. Indeed, JCC has failed to produce any evidence showing that Resurgent was the creditor at the time it sent the Notice to plaintiffs. For their part, the plaintiffs have produced the verification of debt, which states that LVNV Funding

LLC owns the debt, as well as their own, nearly identical, affidavits, stating "I have no idea who [LVNV Funding LLC] are [sic] and what they have to do with Resurgent Capital Services." (Karen Scheunemann Aff. ¶ 8; Kevin Scheunemann Aff. ¶ 8). Thus, though the demand letter itself may not be facially confusing, the plaintiffs have come forward with evidence beyond the letter to show that the defendant's identification of Resurgent as the current creditor could be confusing to a reasonable consumer. Thus, it is clear the defendant is not entitled to summary judgment on this claim. However, the court also finds that the present case is not so clear as to entitle the plaintiffs to summary judgment on this claim either. The record reflects that a genuine dispute of material fact exists as to the identity of the creditor at the time the Notice was sent to plaintiffs. As neither party has come forward with sufficient evidence to support their motions for summary judgment in this respect, the court is obliged to deny both parties' motions as to this claim. In doing so, the court reminds the parties that "[s]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." (internal quotation marks and citation omitted). *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005).

### B. Name of Original Creditor

Plaintiffs also claim that JCC violated § 1692e by stating in its demand letter that the original creditor was Washington Mutual when the plaintiffs' credit reports

reflect that Chase Bank USA claims to be the original creditor. JCC responds by arguing that Washington Mutual's assets and liabilities were assumed by J.P. Morgan Chase and that the failure and purchase of Washington Mutual by J.P. Morgan Chase was highly publicized.

The court notes that neither party offers sufficient legal or factual support for their contentions in this respect. The Scheunemanns simply produce their own self-serving affidavits stating that they reviewed Ms. Scheunemann's credit reports and Chase Bank USA claimed to be the original creditor of the debt. (Karen Scheunemann Aff. ¶ 9, Kevin Scheunemann Aff. ¶ 9). They offer no other evidence showing that the original creditor statement was misleading or false or would be confusing to a "significant fraction of the population." *Veach v. Sheeks*, 316 F.3d 690, 692-92 (7th Cir. 2003). Similarly, the defendant has offered no evidence in this regard other than its assertion that "Washington Mutual and J.P. Chase Morgan [sic] are one and the same." (Def.'s Br. in Opp'n Pls.' Mot. Summ. J. at 3). Further, the defendant fails to address the relationship between Chase Bank USA and J.P. Morgan Chase, and instead, without any further analysis, JCC appears to assume that the law recognizes them as the same entity. However, even assuming Chase Bank USA is a subsidiary of J.P. Morgan Chase, "a corporate parent which owns a subsidiary's shares does not, for that reason alone, own or have legal title to the subsidiary's assets." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 469 (2003). Accordingly, the court is unable to determine, based on the record now before it,

who the original creditor was and, therefore, whether the defendant's statement was "confusing" due to its misleading nature or falsity. The parties' unsatisfactory efforts with regard to this claim require the court to deny both the plaintiffs' and the defendant's motions for summary judgment in this respect.

**C.     The Threat of Legal Action and the Validation-of-Debt Notice**

Plaintiffs next allege that JCC violated the FDCPA by overshadowing the statutorily required validation notice with the threat of legal action. Plaintiffs further contend that JCC threatened legal action when it was not authorized to do so. In response, JCC argues that the Notice sent by JCC contains no threat of legal action.

Plaintiffs' contention in this respect appears, at least in part, to fall under § 1692g, though they cite to § 1692e in their memorandum. Section 1692g requires debt collectors to provide certain information "in the initial communication" with the consumer or "[w]ithin five days after the initial communication," including a validation-of-debt notice. 15 U.S.C. §§ 1692g(a), 1692g(b). A debt collector can violate § 1692g by contradicting the required information in the collection letter or by overshadowing it. *McMillan*, 455 F.3d at 758. Again, the Seventh Circuit analyzes such claims through the eyes of an unsophisticated debtor. *Id.* A letter "is said to violate the statute by stating the required information about the debtor's rights in a confusing fashion." *Bartlett v. Heibl*, 128 F.3d at 499.

With respect to a claim under § 1692g, the court is unable to conclude that such a violation occurred here. First, the validation-of-debt notice appears on the

front side of the demand letter in clear, easy-to-read type and uses language that courts have repeatedly deemed appropriate ("Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid"). *See Muha v. Encore Receivable Management, Inc.,* 558 F.3d 623, 629 (7th Cir. 2009). Thus, on its own, the validation-of-debt conforms with the requirements of the FDCPA. However, the Scheunemanns claim that other language in the demand letter overshadows the validation-of-debt notice, obscuring it "much the same way that static or cross-talk can make a telephone communication hard to understand even though the message is not being contradicted in any way." *Bartlett v. Heibl*,128 F.3d at 500. Specifically, they contend that the following language in the demand letter overshadowed the validation-of-debt notice: (1) the demand letter's headline stating "Notice of Legal Review"; (2) the statement "Resurgent Capital Services has prescreened and reviewed your account to be forwarded to an attorney's office and our client has legal representation in Wisconsin"; and (3) "take advantage of this opportunity to settle your account and as long as you maintain your payment arrangement, suspend forwarding this account to an Attorney." (Stellmach Aff., Ex. A [Demand Letter]).

Typically, allegations that a statement is confusing, such as a claim under § 1692g, fall into three categories. First, there are cases involving statements that plainly, on their face, are not confusing. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 790-801 (7th Cir. 2009). Second, there are cases involving statements that are not

plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. *Id*. And lastly, there are cases involving statements that are clearly misleading on their face. *Id.* The court finds that the statements at issue in this case fall within the second category. It is not so clearly evident that the alleged threats of legal action in the demand letter overshadow the validation-of-debt notice such that an unsophisticated consumer would be "uncertain as to her rights," nor is it clear that the statements in the letter are not plainly confusing. *Muha*, 558 F.3d at 630 (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996)). On the one hand, the validation-of-debt notice is contained in a separate paragraph from the statements regarding legal review and forwarding of the account to an attorney. Moreover, the letter states that the "opportunities listed above do not alter or amend your validation rights described below." (Stellmach Aff., Ex. A [Demand Letter]). Thus, there is at least some attempt to explain how the statements regarding the plaintiffs' settlement options affect their validation rights. Additionally, the letter is not from a law firm or printed on firm letterhead. Therefore, the implication that an attorney is already involved and may have determined that the plaintiffs are candidates for legal action, is less apparent than it might otherwise be. Then again, the letter's headline states prominently "Notice of Legal Review." The headline is later qualified, however, stating that the plaintiffs' account has been reviewed "to be forwarded" to an attorney, thereby implying that an attorney is not yet involved in debt collection, but that attorney involvement is possible in the near future.

Therefore, because the letter is open to varying interpretations – some more confusing than others – the court cannot say that it is plainly confusing or that it is not plainly confusing. Accordingly, the plaintiffs have the burden of proving confusion – specifically, whether the validation-of-debt notice was overshadowed by the statements they claim are threats to take legal action.

Ordinarily, the best evidence to prove confusion on the part of a consumer via a misleading statement or overshadowing language in a demand letter is a consumer survey. *See Muha*, 558 F.3d at 628. Here, the only evidence proffered by plaintiffs are their own statements that "I believed this legal threat from JC to be real." (Keven Scheunemann Aff. ¶ 12; Karen Scheunemann Aff. ¶12). While courts will sometimes find that the testimony from the recipients of an allegedly misleading demand letter is enough to prove that a statement was confusing, these courts have also required that the recipients demonstrate they constitute representative unsophisticated consumers. *See Muha*, 558 F.3d at 628; *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007); *Chuway v. National Action Financial Services, Inc.,* 362 F.3d 944, 948 (7th Cir. 2004). Plaintiffs have not demonstrated that here and, thus, it is not possible for the court to infer from their testimony that the letter was confusing within the meaning of the FDCPA. Accordingly, because the merits of the plaintiffs' claim are not apparent on the face of the letter and they have failed to bring forth sufficient evidence to support their claim, the plaintiffs are not entitled to summary judgment on this claim. Additionally,

because the plaintiffs have not come forward with any evidence to create a genuine dispute as to a material fact, the defendants are entitled to summary judgment as to this claim.

Next, while plaintiffs do not specify what specific subsections of § 1692e their claim falls under, it appears that subsections 1692e(5) and (10) are applicable. Section 1692e(5) proscribes the "threat to take any action that cannot legally be taken or that is not intended to be taken," while § 1692e(10) forbids, in relevant part, "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(5), (10). These two claims stand or fall together because if JCC's demand letter falsely or deceptively claims a right to bring a lawsuit, then that demand letter also constitutes a threat to take illegal action; if the demand letter is not false or misleading, then it is not such a threat.

Here, the plaintiffs premise their claim under §§ 1692e(5) and (10) on the fact that Resurgent was not authorized to threaten a lawsuit against plaintiffs because Resurgent did not provide plaintiffs with the proper notice of assignment of debt under Wis. Stat. § 422.409. Wisconsin Statute § 422.409 provides that a "customer is authorized to pay the assignor until the customer receives notification of assignment of the rights to payment pursuant to a consumer credit transaction and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective." *Id*. Thus, plaintiffs claim that Resurgent never provided them with a notice of assignment and, therefore, the assignment was

ineffective. Consequently, Resurgent had no authority to threaten a lawsuit or to collect payment on the debt. In turn, plaintiffs aver that JCC could not have been authorized, on behalf of Resurgent, to collect payment or to threaten a lawsuit against the plaintiffs.

Thus, in plaintiffs' view, because the demand letter is objectively and materially false – in that Resurgent, and therefore JCC, had no right to take legal action against plaintiffs – they are entitled to summary judgment. However, the issue is not so simple as that. In *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643 (7th Cir. 2009), the Seventh Circuit explained that an FDCPA plaintiff bears the burden of proving that even a false statement would mislead or deceive the unsophisticated consumer. As such, plaintiffs cannot prevail simply by showing that JCC's statements regarding legal review and forwarding of the account to an attorney are false in a technical sense; instead, they must show that those statements would mislead the unsophisticated consumer. This, as the court has previously discussed in its analysis of plaintiffs' claim under § 1692g, they have not done. Accordingly, the defendant, rather than the plaintiffs, is entitled to summary judgment as to these claims.

## II. Wisconsin Consumer Act

The Scheunemanns also argue that JCC violated the Wisconsin Consumer Act, specifically, Wis. Stat. § 427.104(1)(j), which states it is a prohibited practice to "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know

that the right does not exist." Plaintiffs contend that JCC falsely threatened legal suit, a right it knew or should have known not to exist. In support of this contention, plaintiffs claim that JCC had no right to threaten legal suit because Resurgent, the current creditor, did not provide proper notice or proof of assignment pursuant to Wis. Stat. § 422.409 and, therefore, any purported assignment of the debt was ineffective.

Though the plaintiffs have not cited any specific language within the demand letter that threatens legal action, it would appear that their state law claim is premised on the same statements that their FDCPA claims are based upon. However, even assuming that JCC threatened to take legal action against the plaintiffs when that right did not exist, plaintiffs have failed to show that JCC threatened to initiate legal action with knowledge or reason to know that the right did not exist. Instead, plaintiffs offer only their own self-serving affidavits that they demanded notice of assignment documentation from JCC, but that JCC and Resurgent never provided them with that documentation. (Karen Scheunemann Aff. ¶ 10, Kevin Scheunemann Aff. ¶ 10). This evidence will not suffice. First, as noted above, Wis. Stat. § 422.409 provides that a "customer is authorized to pay the assignor until the customer receives notification of assignment of the rights to payment pursuant to a consumer credit transaction and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective." *Id.* Furthermore, "if requested by the customer, the assignee must

seasonably furnish reasonable proof that the assignment has been made and unless the assignee does so the customer may pay the assignor." *Id*. Thus, the statute does not require JCC to furnish notice or proof of assignment to plaintiffs, but rather requires the assignee – here, Resurgent – to furnish the notice or proof. Second, plaintiffs' assertions that they demanded documentation regarding the assignment of the loan from JCC is not akin to evidence showing that JCC knew or should have known that assignment of plaintiffs' debt to Resurgent was ineffective, and, therefore, JCC had no right to threaten the plaintiffs with legal action. Accordingly, based on the record before it, the court cannot find a violation of the Wisconsin Consumer Act and, therefore, defendants are entitled to summary judgment as to this claim.

### III.    **Wisconsin Deceptive Trade Practices Act**

Lastly, the plaintiffs argue that the defendant violated Wisconsin's Deceptive Trade Practices Act ("DTPA"), Wis. Stat. § 100.18(1), which generally prohibits false, deceptive, or misleading representations or statements of fact in public advertisements or sales announcements. Under the terms of the statute, a plaintiff asserting a DTPA claim must allege that the defendant has, with the specified intent, made an "advertisement, announcement, statement or representation…to the public," which contains an "assertion, representation or statement of fact" that is "untrue, deceptive or misleading," and that the plaintiff has sustained a pecuniary loss as a result of the "assertion, representation or statement of fact." Wis. Stat.

§ 100.18(1). This statute is inapplicable to the present case. The statute's purpose is to protect consumers in the sale of products and services, not in the collection of debts. *See State v. Automatic Merchandisers of America, Inc.,* 64 Wis.2d 659, 663, 221 N.W.2d 683, 686 (1974) ("[The DTPA] is aimed at protecting the public from untrue, deceptive or misleading representations made in *sales promotions*.") (emphasis added). Accordingly, the plaintiffs' claim in this respect fails and the defendant is entitled to summary judgment as to this claim.

## CONCLUSION

In sum, the court will deny both parties' motions for summary judgment as to plaintiffs' claim that JCC misrepresented the current and original creditor in their demand letter to plaintiffs. Next, the court will grant the defendant's motion for summary judgment and deny plaintiffs' motion for summary judgment as to the plaintiffs' claim that JCC overshadowed the statutorily required validation notice with the threat of legal action. Furthermore, the court will deny plaintiffs' motion for summary judgment and grant defendant's motion for summary judgment as to plaintiffs' claims under the Wisconsin Consumer Act and the Wisconsin Deceptive Trade Practices Act.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for partial summary judgment (Docket #17) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (Docket #13) be and the same is hereby **GRANTED in part** and **DENIED in part.**

Dated at Milwaukee, Wisconsin, this 18th day of July, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge